IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

MOBILE DIVISION

| | | |
|---|---|---|
| EDMOND HUDMOND SMITH, IV and<br>LOUIS HOLGER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CV 119-051 |
| SAINT PAUL TRAVELERS COMPANY,<br>INC., et al., | )<br>)<br>) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs, incarcerated at United States Medical Center in Springfield, Missouri, have submitted to the Court for filing a civil complaint. Both Plaintiffs are proceeding *pro se* and Plaintiff Edmond Smith filed two motions to proceed *in forma pauperis* ("IFP"). (Doc. nos. 2, 4.)

**I.    BACKGROUND**

Plaintiffs commenced this case by submitting a 314-page complaint, along with a three-page notice, to the Clerk of Court in the Southern District of Alabama. (Doc. nos. 1, 1-1.) Plaintiffs' complaint raises 112 claims against all Defendants as one enterprise under 18 U.S.C. § 1961(4). Both Plaintiffs signed the complaint, but only Plaintiff Smith filed motions to proceed IFP. (See doc. no. 1, p. 146; doc. no. 2; doc. no. 4.)

**II.    DISCUSSION**

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. Id. at 1198. The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

In this case, Plaintiffs are in a position similar to the plaintiffs in Hubbard. Allowing them to proceed together in this action would permit them to divide the filing fee between themselves and defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma

pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

Furthermore, "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of portion of petitioner's complaint seeking relief on behalf of fellow inmates).[2] Simply put, *pro se* Plaintiffs proceeding IFP shall not be permitted to bring an action on behalf of other prisoners. Wallace, 145 F. App'x at 302 (11th Cir. 2005).

However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases. In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and **RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, the **CLERK** be **DIRECTED** to file and docket the instant complaint in two new lawsuits, with the same filing dates and two separate case numbers, and the **CLERK** be **DIRECTED** to file and docket Plaintiff Smith's motions to proceed IFP into the new case number associated with him. Once the two new lawsuits are opened, Plaintiff Holger must submit his own motion to proceed IFP within fourteen days of the date the Clerk opens the case. Lastly, pursuant to the Eleventh Circuit Court of Appeals' designation, Chief United States District

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Judge J. Randal Hall and the undersigned shall remain assigned and referred, respectively, to the two new cases.  (See doc. no. 3.)

SO REPORTED and RECOMMENDED this 8th day of April, 2019, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA